UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID L. KIRBY, III,

                                Plaintiff,

    v.

GRAHAM SPICER, et al.,

                                Defendants.

No. 5:25-CV-324
(AMN/PJE)

---

**APPEARANCES:**

David L. Kirby, III
25-B-1877
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

# REPORT-RECOMMENDATION AND ORDER[1]

## I. **In Forma Pauperis**

Plaintiff pro se David L. Kirby, III ("plaintiff") commenced this action on March 12, 2025, by filing a complaint.[2] *See* Dkt. No. 1. In lieu of paying this Court's filing fee, plaintiff

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

[2] The undersigned notes that plaintiff has filed thirteen other actions with this Court. *See Kirby v. Jamesville Correctional Facility*, 9:21-CV-87 (GTS/ML) (terminated Oct. 1, 2021); *Kirby v. B. Hanks, et al.*, 9:21-CV-1030 (terminated Apr. 26, 2022); *Kirby v. Hanks, et al.*, 5:21-CV-866 (MAD/MJK) (terminated Sept. 24, 2024); *Kirby v. SPD, et al.*, 9:22-CV-210 (terminated Nov. 16, 2022); *Kirby v. Hanks*, 5:24-CV-124 (MAD/ML) (terminated Sept. 23, 2024); *Kirby v. Cruz, et al.*, 9:24-CV-264 (AMN/DJS) (terminated Aug. 12, 2024); *Kirby v. Syracuse Police Dep't*, 5:24-CV-522 (BKS/TWD) (terminated July 10, 2025); *Kirby v. City of Syracuse Onondaga County Justice Center*, 9:24-CV-1366 (GTS/PJE) (terminated Mar. 11, 2025); *Kirby v. Cruz, et al.*, 9:24-CV-1159 (BKS/PJE) (terminated May 8, 2025); *Kirby v. State of New York et al*, 9:25-CV-159 (AMN/DJS) (terminated Jun. 18, 2025); *Kirby v. Limpert*, 5:25-CV-202 (LEK/MJK) (terminated Aug. 14,

submitted an application for leave to proceed in forma pauperis ("IFP"). *See* Dkt. Nos. 5, 6. Plaintiff also filed a motion for appointment of counsel. *See* Dkt. No. 9. The undersigned has reviewed plaintiff's IFP application and determines that he financially qualifies to proceed IFP.[3] The undersigned must now assess the merits of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915, 1915A.

## II. Initial Review

### A. Legal Standards

28 U.S.C. § 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action." *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks and citation omitted). As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest. At the same time, our cases have also

---

2025); *Kirby v. Buekers*, 5:25-CV-362 (ECC/DJS) (terminated Oct. 8, 2025); *Kirby v. The Post-Standard, et al.*, 5:25-CV-564 (DNH/TWD) (terminated May 7, 2025).

[3] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs he may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

> indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law. . . .

*Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted*); see also Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obligated to construe his pleadings liberally.") (internal quotation marks and citations omitted).  Thus, the Court is not required to accept unsupported allegations that are devoid of sufficient facts or claims.  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure."[4] *Kastner v. Tri State Eye*, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec.

---

[4] Hereinafter, "Fed. R. Civ. P."

13, 2019) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994)).[5]  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction . . . and . . . a demand for the relief sought . . . ."  FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  FED. R. CIV. P. 8(d).

Further, Rule 10 provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]"  *Flores*, 189 F.R.D. at 55 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis

---

[5] All unpublished cases cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

4

for the Court to assess the sufficiency of their claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (citations omitted).

"If dismissal is warranted and the plaintiff is pro se, the court generally affords the plaintiff leave to amend the complaint." *Rich v. Akwesasne Mohawk Casino Resort*, No. 8:24-CV-255 (AMN/CFH), 2024 WL 3677262, at *2 (N.D.N.Y. Aug. 6, 2024), *report and recommendation adopted,* No. 8:24-CV-255 (AMN/PJE), 2025 WL 286937 (N.D.N.Y. Jan. 24, 2025) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995)). "However, an opportunity to amend is not required where 'the problem with [the plaintiff's] causes of action is substantive' such that 'better pleading will not cure it.'" *Id*. (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

### III.  Discussion

#### A.  Plaintiff's Complaint

Plaintiff claims that attorneys Graham Spicer ("Spicer") and Patrick Hennessy ("Hennessy") were "working against" him and "not for [his] freedom." Dkt. No. 1 at 2. Plaintiff asserts that his Fifth and Sixth Amendment rights were violated because he "sent off motions on [his] court cases" to Spicer and Hennessy, but Spicer and Hennessy "went against [his] motions and denied them." *Id*. Plaintiff alleges that Hennessy "denied" his

5

motions on March 4, 2025, and Spicer "denied" his motions on March 14, 2025, both in Judge Limpert's courtroom. *Id*. Plaintiff seeks $100,000 in damages. *See id*. at 4.

### B. **Analysis**

Liberally construing plaintiff's complaint, it appears that plaintiff seeks to proceed pursuant to 42 U.S.C. § 1983 against Spicer and Hennessy for allegedly violating his Fifth Amendment and Sixth Amendment rights. *See generally* Dkt. No. 1; *see also Triestman*, 470 F.3d at 475 ("This policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'") (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

#### 1. **Fed. R. Civ. P. 8**

As a threshold matter, plaintiff's complaint fails to satisfy the pleading requirements of Rule 8. *See* FED. R. CIV. P. 8(a). Plaintiff's complaint does not provide "a short and plain statement of the claim showing" why they are entitled to relief. *Id*. In support of his allegations that Spicer and Hennessy "deprived [him] of [his] rights" and provided ineffective assistance of counsel, plaintiff appears to allege that that Spicer and Hennessy refused to file motions he drafted for unspecified court proceedings. *See* Dkt. No. 1 at 2-3.

Plaintiff's complaint conclusorily states that his Fifth Amendment rights were violated, but the substance of the complaint fails to raise any allegation concerning any Fifth Amendment right. *See* Dkt. No. 1 at 2. It is not clear from the complaint which clause of the Fifth Amendment plaintiff intends to be triggered or how the defendants were

involved in any violation that may be alleged. Further, defendant has not named the federal government as a defendant. *See Martin-Trigona v. D'Amato & Lynch*, 559 F. Supp. 533, 535 (S.D.N.Y. 1983) ("Plaintiff's claim ignores the fundamental principle that the Fifth Amendment only concerns Federal government or other official action."); *see Dzwonczyk v. Syracuse City Police Dep't*, 710 F. Supp. 2d 248, 262 (N.D.N.Y. 2008) (noting that "[t]he Fifth Amendment, like all the other guaranties in the first eight amendments, applies only to proceedings by the Federal Government" but that it would apply "to the states through the Due Process Clause of the Fourteenth Amendment") (internal citation omitted). Thus, it is not clear how the Fifth Amendment applies to plaintiff's lawsuit as currently pled.

Plaintiff also states that his Sixth Amendment rights were violated. *See generally* Dkt. No. 1. The Sixth Amendment affords criminal defendants the right to assistance of counsel in defending actions commenced against them. *See* U.S. CONST. amend. VI; *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (2012) (additional citations omitted) ("[T]he right to counsel is the right to effective assistance of counsel."). Affording plaintiff due solicitude and reading his complaint liberally, plaintiff appears to allege that Spicer and Hamilton failed to afford him affective assistance of counsel. *See generally* Dkt. No. 1. As stated above, plaintiff states that he "sent off motions on [his] court cases" to Spicer and Hennessy, but Spicer and Hennessy "went against [his] motions and denied them." Dkt. No. 1 at 2. Yet, without any additional details or context, this claim is a baseless conclusion. Plaintiff does not even clearly state whether Spicer and Hennessy were, in fact, his attorneys. See generally Dkt. No. 1. He fails to (1) identify matter(s) in which Spicer and Hennessy were representing him; (2) clearly indicate whether the matter(s)

were civil or criminal in nature;[6] (3) the actions or omissions which rendered Spicer's and Hennessy's representation ineffective; (4) the substance of, or relief sought, in the motions he drafted for Spicer and Hennessy to file; or (5) whether Spicer and Hennessy provided plaintiff any reasoning for their alleged refusal to file the motions. *See id.*

Plaintiff's complaint does not comply with Rule 8 as it does not provide "fair notice of the claim[s] being asserted" against Spicer and Hennessy or an adequate opportunity for Spicer and Hennessy to file an answer and "prepare an adequate defense." *Flores*, 189 F.R.D. at 55; FED. R. CIV. P. 8(a)(2). Although the Second Circuit has observed that pro se plaintiffs should generally be afforded leave to amend, as will be discussed below, the problems with plaintiff's causes of action are "substantive." *Rich*, 2024 WL 3677262, at *2 (quoting *Cuoco*, 222 F.3d at 112); *Ruffalo v. Oppenheimer & Co.*, 987 F. 2d. 129, 131 (2d. Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend.").

1. **State Action**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Gerken v. Gordon*, No. 1:24-CV-435 (MAD/CFH), 2024 WL 4608307, at *11 (N.D.N.Y. Oct. 29, 2024), *report and recommendation adopted,* No. 1:24-CV-435 (MAD/CFH), 2024 WL 5001402 (N.D.N.Y. Dec. 6, 2024) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "The traditional definition of acting under color of state law requires that the defendant . . .

---

[6] *See Zielinski v. Annucci*, No. 9:17-CV-1087 (GTS/CFH), 2018 WL 11243393, at *4, n.3 (N.D.N.Y. Jan. 11, 2018) (citing *Turner v. Rogers*, 564 U.S. 431, 451 (2011) and *United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981)) ("[I]t is well-settled that the Sixth Amendment right to 'the Assistance of Counsel' does not apply to civil proceedings.").

exercise[ ] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (quoting *West*, 487 U.S. at 49) (internal quotation marks and citation omitted)). "Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under § 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Id*. (quoting *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotations omitted) (quoting *United States v. Int'l Brotherhood of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991)); *see Baum v. N. Dutchess Hosp*., 764 F. Supp. 2d 410, 419 (N.D.N.Y. 2011) ("State action is an essential element of any § 1983 claim.") (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 934 (1982) (explaining that the "under color of any statute" language is to enforce the provisions of the Fourteenth Amendment and that if a defendant's conduct satisfies the state-action requirement then that conduct is also action under color of state law under § 1983), and *Rounseville v. Zahl*, 13 F.3d 625, 627-28 (2d Cir. 1994) (noting the state action requirement for § 1983)).

"Private parties generally are not state actors and therefore are not usually liable under [§] 1983." *Gerken*, 2024 WL 4608307, at *11 (quoting *Yi Sun v. Saslovsky*, No. 1:19-CV-10858 (LTS), 2020 WL 6828666, at *7 (S.D.N.Y. Aug. 6, 2020) (citing *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013)); *see Basile v. Connolly*, 538 F. App'x 5, 7 (2d Cir. 2013) (summary order) ("[P]rivate individuals . . . cannot be sued under 42 U.S.C. § 1983 absent a plausible allegation that they acted under color of state law."). "A private party's actions can be considered state action in three situations":

> (1) the private party acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the private party willfully

9

>participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the private party (the "public function" test).

*Id*. (quoting *Rogers v. City of New Rochelle*, No. 1:19-CV-0479 (CM), 2019 WL 5538031, at *2 (S.D.N.Y. Oct. 25, 2019) (quoting *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012)).  "The fundamental question under each test is whether the private party's challenged actions are 'fairly attributable' to the State." *Id.* (quoting *Rogers*, 2019 WL 5538031, at *2 (quoting *Fabrikant*, 691 F.3d at 207)). "[A] State normally can be held responsible for a private decision . . . when it has . . . provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id*. (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (citations omitted). The State's "[m]ere approval of or acquiescence in the initiatives of a private party[, however,] is not sufficient to justify holding the State responsible for those initiatives . . . ." *Id.* (quoting *Blum,* 457 U.S. at 1004-05).

"Private attorneys, whether court appointed or privately retained, are generally not liable under § 1983."  *Strong v. New York*, No. 1:19-CV-63 (MAD/CFH), 2019 WL 1763010, at *6 (N.D.N.Y. Apr. 22, 2019), *report and recommendation adopted,* No. 1:19-CV-63 (MAD/CFH), 2019 WL 2723372 (N.D.N.Y. July 1, 2019) (quoting *Kunz v. Brazill*, No. 6:14-CV-1471 MAD, 2015 WL 792096, at *7 (N.D.N.Y. Feb. 25, 2015) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.") (citation omitted))); *Browdy v. Karpe,* 131 F. App'x 751, 753 (summary order) (2d Cir. 2005) (quoting *Rodriguez v. Weprin,* 116 F.3d 62, 65-66 (2d Cir.1997) (citing

*Housand v. Heiman*, 594 F.2d 923, 924-25 (2d Cir. 1979) and *Polk County v. Dodson,* 454 U.S. 312, 325, (1981)) ("[P]ublic defenders and court-appointed attorneys 'performing a lawyer's traditional functions as counsel' to a defendant do not act 'under color of state law' and, therefore, are not subject to suit under 42 U.S.C. § 1983.").

Here, it appears that Spicer and Hennesy were plaintiff's attorneys in an unspecified court proceeding(s).  *See* Dkt. No. 1 at 2.  As plaintiff's complaint fails to allege any facts suggesting that Spicer and Hennessy were acting under the color of state law and because Spicer and Hennessy were "performing [their] 'traditional functions as counsel to defendant' during the alleged violation, [they] cannot be held liable pursuant to § 1983."  *Browdy*, 131 F. App'x at 753; *see also Gerken*, 2024 WL 4608307, at *11.

Although it is possible to demonstrate state action under § 1983 through a defendant's participation in a conspiracy, "[t]here is no indication in the complaint that [Spicer or Hennessy were] . . . 'willful participant[s] in joint activity with the State or its agents,' as is required in order for the Court to find that a private party has engaged in state action."  *Strong*, 2019 WL 1763010, at *7 (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970)).  Accordingly, the undersigned recommends dismissing plaintiff's complaint with prejudice and without opportunity to amend because Spicer and Hennessy, whether appointed or private counsel, are not state actors, and plaintiff's complaint does not in any way suggest conduct "fairly attributable to the state."  *Rich*, 2024 WL 3677262, at *2 (quoting *Cuoco*, 222 F.3d at 112); *Gerken*, 2024 WL 4608307, at *11; *Triestman*, 470 F.3d at 477 ("[O]ur cases have also indicated that we cannot read into *pro se* submissions claims that are not consistent with the *pro se* litigant's allegations, or arguments that the submissions themselves do not suggest.") (internal citations and

quotation marks omitted). Further, even if plaintiff were able to amend to allege such conduct, providing an opportunity to do so is unwarranted because, as will be discussed below, plaintiff's claims are also barred by *Heck v. Humphrey*.

### 2. *Heck* Preclusion

If Spicer and Hennessy represented plaintiff in a criminal proceeding,[7] as plaintiff's complaint most reasonably suggests, this action is also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). "A civil lawsuit may not be used to collaterally attack an existing criminal conviction." *Barzee v. Tyler*, No. 8:21-CV-902 (GTS/CFH), 2022 WL 1406606, at *10 (N.D.N.Y. May 3, 2022), *report and recommendation adopted,* No. 8:21-CV-902 (GTS/CFH), 2022 WL 2079084 (N.D.N.Y. June 9, 2022) (citing *Heck*, 512 U.S. at 484-86).

> In *Heck*, the Supreme Court of the United States held that a Section 1983 action seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate an extant criminal conviction unless "the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus."

*Id*. (quoting *Heck*, 512 U.S. at 486-87). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 487.

Here, "[p]laintiff has failed to demonstrate that any criminal charge(s), conviction, or sentence has been 'reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question

---

[7] If defendants represented plaintiff in a civil proceeding as retained counsel, plaintiff's claim would amount to, at most, legal malpractice, which is not cognizable under § 1983. *See Ali v. Shattuck*, No. 8:24-CV-0128 (DNH/CFH), 2024 WL 2747619, at *6 (N.D.N.Y. May 29, 2024), *report and recommendation adopted sub nom. Ali v. Dow,* No. 8:24-CV-128, 2024 WL 3460745 (N.D.N.Y. July 18, 2024).

by a federal court's issuance of a writ of habeas corpus.'" *Cole v. Smrtic*, No. 1:24-CV-847 (MAD/CFH), 2024 WL 4870495, at *5 (N.D.N.Y. Nov. 21, 2024), *report and recommendation adopted,* No. 1:24-CV-847 (MAD/PJE), 2025 WL 247901 (N.D.N.Y. Jan. 21, 2025) (quoting *Zografidis v. Richards*, No. 3:22-CV-631 (AVC), 2022 WL 21756775, at *7 (D. Conn. July 6, 2022), *report and recommendation adopted* (Oct. 7, 2022), *aff'd*, No. 22-3197, 2023 WL 7538211 (2d Cir. Nov. 14, 2023)).

Plaintiff's complaint states that his Fifth and Sixth Amendment rights were violated. *See generally* Dkt. No. 1. As a finding in plaintiff's favor on such claims would "necessarily invalidate" a criminal conviction, "plaintiff's claims are barred by *Heck* unless and until he can demonstrate favorable termination of his criminal conviction."  *Cole*, 2024 WL 4870495, at *5; *Cato v. Bleakley*, No. 20-CV-7087 (EAW), 2021 WL 4595427, at *4 (W.D.N.Y. Oct. 6, 2021) (quoting *Heck*, 512 U.S. at 490) ("[I]n order to recover damages under Section 1983 for harm 'attributable to an unconstitutional conviction or sentencing[,]' the conviction or sentence must first be invalidated. Where the claim has not first been invalidated, the cause of action under Section 1983 is not cognizable because it has not yet accrued.").[8] Plaintiff does not suggest any such favorable termination, and the NYDOCCS incarcerated lookup website provides that plaintiff is currently incarcerated, starting in August 2025,[9] on a life sentence.[10]

---

[8] "The undersigned recognizes that claims that are determined to be barred by *Heck* are dismissed without prejudice." *Cole*, 2024 WL 4870495, at *5, n.7. However, the undersigned is recommending dismissal of plaintiff's § 1983 claims with prejudice because of plaintiff's failure to demonstrate that any defendants are state actors. "The undersigned has included the *Heck* review for sake of completeness." *Id*. However, should the District Judge disagree and wish to dismiss on the basis of *Heck*, it is alternatively recommended that the complaint be dismissed without prejudice but without opportunity to amend in this action. *See id*.
[9] NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, "Find an Offender Incarcerated Lookup," "Kirby, David L." https://nysdoccslookup.doccs.ny.gov/ (last visited Oct. 22, 2025).
[10] "The Court obtained Plaintiff's transfer date from the inmate lookup service on the official website of the New York State Department of Corrections and Community Supervision ("DOCCS") using Plaintiff's Identification Number, [25B1877]. 'Courts in this district have taken judicial notice of information obtained

IV. **Leave to Amend**

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gerken*, 2024 WL 4608307, at *15 (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation and internal quotation marks omitted)). "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" *Id.* (quoting *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco*, 222 F.3d at 112).

Here, it is recommended that plaintiff's claims be dismissed with prejudice and without opportunity to amend because (1) Spicer and Hennessey are not state actors, and (2) plaintiff has not alleged that defendants' conduct is "fairly attributable to the state." *Gerken*, 2024 WL 4608307, at *11; *Strong*, 2019 WL 1763010, at *7; *Cole*, 2024 WL 4870495, at *5. It is not recommended that plaintiff be given an opportunity to amend in this action to allege such conduct because plaintiff's claims are also barred by *Heck*. However, should the District Judge disagree with the dismissal recommendation based on the no state actor ground, it is alternatively recommended that this matter be dismissed without prejudice but without opportunity to amend in this action due to *Heck*.

IV. **Appointment of Counsel**

---

from online inmate tracking services.'" *Jackson v. Sullivan Cnty.*, No. 16 CIV. 3673 (JCM), 2018 WL 1582506, at *5, n.8 (S.D.N.Y. Mar. 27, 2018) (quoting *Narvaez v. City of New York*, No. 16 Civ. 1980 (GBD), 2017 WL 1535386, at *5 n.6 (S.D.N.Y. Apr. 17, 2017) (quoting *Tavares v. New York City Health & Hosps. Corp.*, No. 13-CV-3148 (PKC/MHD), 2015 WL 158863, at *3 (S.D.N.Y. Jan. 13, 2015))).

After filing his complaint, plaintiff requested the appointment of counsel, stating "I will (sic) like to be appointed an (sic) free lawyer on all my cases.  I wrote lawyers and response (sic) was that they are deceased."  Dkt. No. 8.

"It is well-settled that there is no right to appointment of counsel in civil matters." *Anthony v. Rosenberg*, No. 9:22-CV-378 (BKS/CFH), 2023 WL 11965132, at *1 (N.D.N.Y. Sept. 28, 2023) (citing *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994)).  "Title 28 of United States Code Section 1915 specifically provides that a court may request an attorney to represent any person 'unable to afford counsel.'"  *Id*. (quoting 28 U.S.C. § 1915(e)(1)).  "Appointment of counsel must be done carefully in order to preserve the 'precious commodity' of volunteer lawyers for those litigants who truly need a lawyer's assistance."  *Id*. (quoting *Cooper v. A. Sargenti, Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989)).

"In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion." *Anthony*, 2023 WL 11965132, at *2.  "In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance." *Id*.  "If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination."  *Id*. (citing *Terminate Control Corp.*, 28 F.3d at 1341 (citing *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)); *Sawma v. Perales*, 895 F.2d 91, 95 (2d Cir. 1990).  The factors to be considered include

> [t]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason . . . why appointment of counsel would be more likely to lead to a just determination

*Id*. (citing *Hodge*, 802 F.2d at 61). "None of these factors are controlling, however, and each case should be decided on its own facts." *Id*. (citing *Hodge*, 802 F.2d at 61).

As the undersigned recommends that the complaint be dismissed with prejudice and without leave to amend, it is recommended that plaintiff's motion for appointment of counsel be dismissed as moot. However, even if the undersigned had not recommended this case to be dismissed without opportunity to amend, "the undersigned would still deny the motion for appointment of counsel as plaintiff has failed to provide" any evidence or allegation "of the attempts that he made to obtain counsel on his own from the public and private sector. Further, he has fully failed to demonstrate that his claim is likely to be of substance." *Incorvati v. CIS Ombudsman*, No. 1:21-CV-280 (MAD/CFH), 2021 WL 4066528, at *3 (N.D.N.Y. Sept. 7, 2021), *report and recommendation adopted,* No. 1:21-CV-280 (MAD/CFH), 2022 WL 1447925 (N.D.N.Y. May 9, 2022) (citing *Terminate Control Corp.*, 28 F.3d at 1341).

### IV.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 5) is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED with prejudice and without opportunity to amend** for failure to state a claim; and it is further

**RECOMMENDED**, that, **in the alternative**, should the District Judge disagree with the undersigned's recommendation that this action should be dismissed with prejudice and without leave to amend due to plaintiff's failure to demonstrate that defendants are state actors, the matter be dismissed without opportunity to amend in this action but

without prejudice to proceeding on such claims in the future should plaintiff be able to demonstrate favorable termination of his criminal conviction;[11] and it is further

**RECOMMENDED**, that plaintiff's motion for appointment of counsel (Dkt. No. 9), be **DISMISSED as moot**; and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[12]

Dated: November 5, 2025
Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge

---

[11] Bannister v. Perilli, No. 1:24-CV-183 (ECC/PJE), 2025 WL 1266657, at *5 (N.D.N.Y. May 1, 2025), report and recommendation adopted as modified sub nom. Bannister, v. Perilli, et al., No. 1:24-CV-183 (ECC/PJE), 2025 WL 2912660 (N.D.N.Y. Oct. 14, 2025) (recommending claims barred by Heck be dismissed without prejudice but without leave to amend in that action because the plaintiff had not demonstrated a favorable termination of his criminal conviction).

[12] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen-day (14) period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. See FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(c).