UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID KIRBY III,

                      Plaintiff,

v.                                                  5:25-cv-324 (AMN/PJE)

GRAHAM SPICER; PATRICK HENNESSY,

                      Defendants.

---

**APPEARANCES:**                                  **OF COUNSEL:**

**DAVID KIRBY, III**
25-B-1877
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

On March 12, 2025, David Kirby, III ("Plaintiff") commenced this action *pro se* against Graham Spicer and Patrick Hennessy ("Defendants") pursuant to 42 U.S.C. § 1983, alleging violations of his Fifth and Sixth Amendment rights. *See* Dkt. No. 1 ("Complaint").[1]

This Court ordered an administrative closure on March 14, 2025, because Plaintiff had not paid the filing fee or applied to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 3. Plaintiff filed a motion to proceed IFP on March 28, 2025, *see* Dkt. No. 5, and the Court ordered the case

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

reopened on the same day, *see* Dkt. No. 7.  On August 28, 2025, Plaintiff moved for the Court to appoint him counsel.  *See* Dkt. No. 9.

This matter was referred to United States Magistrate Judge Paul J. Evangelista, who granted Plaintiff's request to proceed IFP and reviewed the Complaint pursuant to 28 U.S.C. § 1915.  Dkt. No. 10 at 2 ("Report-Recommendation").  On November 5, 2025, Magistrate Judge Evangelista recommended that this Court dismiss Plaintiff's claim with prejudice and without leave to amend for failure to state a claim on which relief could be granted.  *Id.*  Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Evangelista advised that the parties had fourteen days within which to file written objections and that failure object to the Report-Recommendation within those fourteen days would preclude appellate review.  *Id.*  No party has filed objections, and the time for filing objections has expired.

For the following reasons, the Court adopts the Report-Recommendation in its entirety.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error.  *See id.* at 228-29 & n.6 (collecting cases).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17,

2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted).  The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022).  After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**III.   DISCUSSION**

Because no party has filed any objection to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

First, Magistrate Judge Evangelista recommended that the Court dismiss Plaintiff's Complaint for failing to satisfy Rule 8 of the Federal Rules of Civil Procedure.  *See* Dkt. No. 10 at 6-8.  Rule 8 requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Here, Magistrate Judge Evangelista found that Plaintiff's claims that Defendants violated his Fifth and Sixth Amendment rights are conclusory and do not include sufficiently detailed allegations or context.  Dkt. No. 10 at 6-8.

Regarding the Fifth Amendment, among other things, Plaintiff does not indicate how the Fifth Amendment might apply to Defendants, who are private actors. *Id.* at 6-7 (citing *Martin-Trigona v. D'Amato & Lynch*, 559 F. Supp. 533, 535 (S.D.N.Y. 1983) ("Plaintiff's claim ignores the fundamental principle that the Fifth Amendment only concerns Federal government or other official action.")). Likewise, as to the Sixth Amendment, while Plaintiff appears to bring an ineffective assistance of counsel claim against Defendants, he fails to identify, among other things, any matters in which Defendants represented him, the nature of those matters, or how Defendants' representation was ineffective. Dkt. No. 10 at 7-8. Therefore, Magistrate Judge Evangelista found that Plaintiff's complaint "does not provide 'fair notice of the claim[s] being asserted' against Spicer and Hennesy or an adequate opportunity for Spicer and Hennessy to file an answer and 'prepare an adequate defense.'" *Id.* at 8 (quoting *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999)).

Even if Plaintiff could cure the Complaint's noncompliance with Rule 8, Magistrate Judge Evangelista found that Plaintiff could not show that Defendants were state actors subject to liability under § 1983. *See* Dkt. No. 10 at 8-11. Both Defendants are attorneys who, at most, represented Plaintiff in unspecified court proceedings. Dkt. No. 10 at 11; *see also* Dkt. No. 1 at 2. Therefore, because the Complaint "fails to allege any facts suggesting that Spicer and Hennessy were acting under the color of state law and because Spicer and Hennessy were 'performing [their] traditional functions as counsel to defendant during the alleged violation, [they] cannot be held liable pursuant to § 1983.'" Dkt. No. 10 at 11 (quoting *Browdy v. Karp*, 131 F. App'x 751, 753 (2d Cir. 2005) (summary order)) (internal citations omitted).[2]

---

[2] In the alternative, Magistrate Judge Evangelista recommended dismissing the Complaint without prejudice because it is likely precluded by *Heck v. Humphrey*, 512 U.S. 477 (1944). Dkt. No. 10

4

Finally, Magistrate Judge Evangelista recommended that the Court dismiss Plaintiff's motion for appointment of counsel as moot. *See* Dkt. No. 10 at 15-16.

After reviewing the Report-Recommendation and considering Magistrate Judge Evangelista's findings, the Court finds no clear error in the Report-Recommendation. Accordingly, the Court adopts the Report-Recommendation in its entirety.

### IV.  CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 15, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, be **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that Plaintiff's motion for appointment of counsel, Dkt. No. 9, be **DISMISSED as moot**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 11, 2025
Albany, New York

*[signature: Anne M. Nardacci]*
Anne M. Nardacci
U.S. District Judge

---

at 12-13. Because the Court finds no clear error in Magistrate Judge Evangelista's primary recommendation based on Rule 8, it dismisses the Complaint with prejudice.